UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>In Re:   Dial Complete Marketing and Sales</u>
<u>Litigation</u>                                          Case No. 11-md-2263-SM
                                                ALL CASES


     Re: Document No. 148, (Sealed) Plaintiffs' Objection pursuant to Rule 72 to [143] Magistrate's Order Denying Plaintiffs' Motion to Compel.

     Ruling: Denied. The Magistrate Judge's ruling is neither clearly erroneous nor contrary to law. Indeed, it is correct in every respect. Having reviewed the merits (as evolved from deposition to motion to subsequent appeal), it is clear that plaintiffs' position is unsustainable. Plaintiffs are not entitled to generally rummage through the expert's past work product in hopes of finding raw material that might be cobbled into some form or impeachment theory, or marginally useful in contesting collateral issues, nor are plaintiffs entitled, under the guise of expert discovery, to obtain the specific identities of the expert's prior clients, or the nature and progress of business activities engaged in by the expert's other clients nor the assistance provided by the expert with respect to those activities. Though plaintiffs hardly made it clear just what relevant or discoverable information they actually sought, it became somewhat clear during the hearing that, essentially, plaintiffs were seeking impeachment information in the nature of prior professional opinions given by the expert that contradict or are materially inconsistent with the expert opinions proposed to be offered by her in this case. As discussed at the hearing on the pending motion, plaintiffs may propound supplemental expert interrogatories specifically tailored to elicit such relevant information.

Date:  November 21, 2013

                                        Steven J. McAuliffe
                                        United States District Judge

cc:   All Counsel of Record