# EXHIBIT A

# UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| In Re: Dial Complete Marketing and Sales Litigation (MDL No. 2263) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | MDL Docket No. 11-md-2263-SM<br>ALL CASES |

# CLASS ACTION SETTLEMENT

# SETTLEMENT AGREEMENT AND RELEASE

# DATED: December 27, 2018

## TABLE OF EXHIBITS

Exhibit 1 -- Claims Form

Exhibit 2 -- Publication Notice

Exhibit 3 -- Long Form Notice

Exhibit 4 -- Notice Plan

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement is made and entered into as of the **27th** day of December, 2018 by and among the Representative Plaintiffs, individually and as proposed representatives of all Settlement Class Members, by and through Settlement Class Counsel, and the Dial Corporation ("Dial" or "Defendant"), by and through its attorneys (collectively referred to as the "Parties"). The Parties intend this Agreement to resolve, discharge, and settle the Released Claims of Settlement Class Members fully, finally, and forever in accordance with the terms and conditions set forth below.

## WITNESSETH

WHEREAS, there is a multidistrict litigation pending in the United States District Court for the District of New Hampshire, styled *In Re: Dial Complete Marketing and Sales Litigation* (MDL No. 2263), composed of actions seeking injunctive relief and damages relating to the marketing, advertising, and sale of Dial Complete Foaming Liquid Hand Soap in the United States based on the use of the active ingredient triclosan and advertising claims including a "Kills 99.99% of Germs* (*encountered in household settings)" claim, a "#1 Doctor Recommended**" (**Antibacterial Liquid Hand Wash)" claim, and/or a "Kills more germs than any other liquid hand soap" claim;

WHEREAS, Dial denies any and all Claims[1] and has asserted various defenses that it believes are meritorious;

WHEREAS, the Parties agree that this Agreement shall not be deemed or construed as an admission or as evidence of any violation of any statute or law, or of any liability or wrongdoing

---

[1] Capitalized terms shall have the meaning ascribed to them in the Definitions in Section I below.

by any of the Released Parties, or of the merit of any of the Claims or allegations alleged in the Action, or otherwise, or the merit of any of the potential or asserted defenses to those allegations, or as a waiver of any such defenses;

WHEREAS, the Parties have conducted a thorough examination and investigation of the facts and the law relating to the asserted and potential Claims and defenses concerning Dial's marketing and sale of the Dial Complete Product and assessed the various risks of future litigation including risks from any future appeals in the Action;

WHEREAS, the Parties engaged in extensive arm's-length and adversarial settlement discussions that included two mediation sessions conducted by the Honorable Layn R. Phillips, former United States District Judge, in 2016 and 2018, and ultimately reached a settlement memorialized by this Agreement (the "Settlement");

WHEREAS, Class Counsel has concluded, after extensive factual examination and investigation and after careful consideration of the circumstances, including the Claims asserted in the Complaint, and the possible legal and factual defenses thereto, that it would be in the Settlement Class Members' best interests to enter into this Agreement to avoid the uncertainties, burdens, risks, and delays inherent in litigation and subsequent appeals and to assure that the substantial benefits reflected in this Agreement are obtained for Settlement Class Members in an expeditious manner; and, further, that this Agreement is fair, reasonable, adequate, and in the best interests of the Representative Plaintiffs and the Settlement Class Members;

WHEREAS, Dial, despite its belief that it has strong defenses to the Claims described in this Agreement, has agreed to enter into this Agreement to reduce and avoid the further expense, burden, risks, and inconvenience of protracted litigation and subsequent appeals and to resolve finally and completely Representative Plaintiffs' and other Settlement Class Members' Claims;

NOW, THEREFORE, the Parties agree that the Action shall be settled, compromised, and/or dismissed with prejudice on the terms and conditions set forth in this Agreement, subject to the Court's approval of this Agreement as a fair, reasonable, and adequate settlement under Fed. R. Civ. P. 23(e).

## 1.   CLASS DEFINITION

The Parties agree and consent, for settlement purposes only, to the certification of the following settlement class under Fed. R. Civ. P. 23(b)(2) and 23(b)(3) (the "Settlement Class"):

**1.1**   Settlement Class:   All Persons in the United States who purchased the Dial Complete Product during the Class Period.

**1.2**   Excluded from the Settlement Class are the following:  (a) the Court and its officers, employees, appointees, and relatives; (b) Dial and its affiliates, subsidiaries, officers, directors, employees, contractors, agents, and representatives; (c) all Plaintiffs' Counsel; (d) government entities; and (e) Opt-Outs.

## 2.   OTHER DEFINITIONS

As used in this Agreement and its exhibits, the following terms shall have the meanings set forth below.  Terms used in the singular shall include the plural and vice versa.

**2.1**   "Action" means the claims asserted in the Consolidated Second Amended Class Action Complaint, Dkt. No. 238, and all subsequent amendments.

**2.2**   "Agreement" means this Dial Complete Class Settlement Agreement, together with the exhibits attached to this Agreement, which are incorporated in this Agreement by reference.

**2.3**   "CAFA Notice" means the notice of this Settlement to be served by Dial upon state and federal regulatory authorities as required by Section 3 of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

**2.4**     "Claim" means all claims made, or which could have been made, in law or in equity, by any Person against any of the Released Parties in connection with Dial's distribution, sale, purchase, labeling, packaging, marketing, advertising, and/or use of the Dial Complete Product. Claim shall not include any claim for bodily injury allegedly suffered in connection with the Dial Complete Product.

**2.5**     "Claim Form" shall mean an electronic or paper document containing the information and fields substantially in the form set forth in Exhibit 1.  The Claim Form shall be submitted under penalty of perjury, based on the Settlement Class Members' knowledge, information, and belief, to the Settlement Notice and Claims Administrator by a Class Member submitting a Settlement Claim under this Agreement.

**2.6**      "Claims Deadline" means the final date to submit a Claim Form, which is 90 days after Class Counsel first publishes the Class Notice to the Settlement Class pursuant to the Notice Plan.

**2.7**     "Class Counsel" means Lucy Karl, on behalf of Plaintiffs' Executive Subcommittee and Plaintiffs' Steering Committee, as previously designated by the Court, *see* Dkt. 20.

**2.8**     "Class Notice" means notice to the Settlement Class Members of this Agreement substantially in the form and following the procedures described in the Notice Plan and established by order of the Court and to be administered by Class Counsel under the direction and jurisdiction of the Court.

**2.9**     "Class Period" means January 1, 2001 through the date of the Preliminary Approval Order.

**2.10**      "Complaint" means the Consolidated Second Amended Class Action Master Complaint, filed as ECF No. 238 in this action, MDL Docket No. 11-md-2263-SM (D.N.H.), and

any amendments of that document from the time of execution of this Agreement up to and including the issuance of the Preliminary Approval Order.

**2.11**    "Court" means the Honorable Steven J. McAuliffe, or if he is unavailable, another judge in the District of New Hampshire, the transferee district, as designated by the Judicial Panel on Multidistrict Litigation to preside over the *In Re: Dial Complete Marketing and Sales Litigation* (MDL No. 2263).

**2.12**    "Defendant" means the Dial Corporation.

**2.13**    "Defendant's Counsel" means Eugene Assaf, Edwin John U, and Patrick Haney of Kirkland & Ellis LLP and Robert Miller of Sheehan Phinney Bass + Green.

**2.14**    "Dial Complete Product" means Dial Complete Liquid Hand Soap formulated with the active ingredient triclosan and/or using the Kills 99.99% of Germs* (*encountered in household settings) advertising claim.

**2.15**    "Escrow Account" means the escrow account to be established by orders of the Court and to be administered by the Settlement Notice and Claims Administrator under the direction and jurisdiction of the Court to hold the Gross Settlement Proceeds.  The Parties shall move the Court to establish the Escrow Account as a "Qualified Settlement Fund" within the requirements of Treas. Reg. § 1.468(B)-1(c), and the Parties shall for all purposes treat the Escrow Account as a Qualified Settlement Fund established and operated in accordance with the requirements and purposes of that regulation.

**2.16**    "Fairness Hearing" means the hearing conducted by the Court in connection with determining the fairness, adequacy, and reasonableness of this Agreement under Fed. R. Civ. P. 23(e).  The date of the Fairness Hearing shall be communicated to Settlement Class Members in the Class Notice.

**2.17** "Fee and Expense Application" means the application by Class Counsel for the award of attorneys' fees, costs, and expenses to Class Counsel and other counsel who performed work for the benefit of Settlement Class Members. The Fee and Expense Application shall have two components, the "Rule 23(b)(2) Fee and Expense Application" and the "Rule 23(b)(3) Fee and Expense Application."

**2.18** "Fee and Expense Award" means an order of the Court, granting, in whole or in part, the Fee and Expense Application.

**2.19** "Final" with respect to this Agreement means one of the following conditions has occurred: (1) if no timely appeal of the Final Approval Order by the Court is taken, then upon expiration of the time for any Class Member to appeal the Final Approval Order; or, (2) if there are any appeals of the Final Approval Order, then (i) all appellate courts with jurisdiction affirm the Final Approval Order or (ii) the appeal is dismissed or denied such that the Final Approval Order is no longer subject to further appeal.

**2.20** "Final Approval" means the Court's issuance of an order and judgment granting final approval of this Agreement pursuant to Fed. R. Civ. P. 23(e), such order and judgment granting final approval of this Agreement to be termed the Court's "Final Approval Order." Final Approval and the Final Approval Order need not include the Fee and Expense Award.

**2.21** "Final Effective Date" means the date upon which the Final Approval Order approving this Agreement becomes Final.

**2.22** "Gross Settlement Proceeds" means the capped amount of Seven Million and Four Hundred Thousand U.S. Dollars ($7,400,000.00), payable pursuant to Section 4.7.1, and consisting of (a) one component of One Million and Nine Hundred Thousand U.S. Dollars ($1,900,000) in connection with the Rule 23(b)(2) relief; and (b) another component of Five

Million and Five Hundred Thousand U.S. Dollars ($5,500,000) in connection with the Rule 23(b)(3) relief.  The Gross Settlement Proceeds shall be the sum total of Dial's monetary obligation under the Settlement, regardless of the number of valid approved claims or for any other reason, and shall be used to pay all costs associated with the Settlement, including but not limited to (a) the costs of notice and administration of the Settlement, including for a Settlement Notice and Claims Administrator to process claims, objections, and opt-out requests; (b) the payment of valid approved claims; (c) attorneys' fee awards (if any); (d) attorneys' costs (actually incurred litigation expenses and other hard costs apart from fees); (e) service awards (if any) to the Representative Plaintiffs; and (f) any other expenses.  Dial shall not, under any circumstances, be responsible for, or liable for, payment of any amount under this Agreement in excess of Seven Million and Four Hundred Thousand ($7,400,000.00) U.S. Dollars.  Gross Settlement Proceeds excludes the value of Injunctive Relief to which the parties have agreed as described more fully herein.

2.23    "Injunctive Relief" means the injunctive relief to which the Parties have agreed in Section 3.1, below.

2.24    "Long-Form Notice" means the long-form notice to Settlement Class Members of this Agreement to be submitted to the Court for approval and, once approved by the Court, to be disseminated to Settlement Class Members pursuant to the Notice Plan.  The Long Form Notice shall be in substantially the form of the proposed Long-Form Notice attached as Exhibit 3.

2.25    "Joint Motion for Preliminary Approval" means the joint motion or motions filed by the Parties pursuant to Fed. R. Civ. P. 23(e) and Local Rule 23.1 to preliminarily approve this Settlement.

2.26    "Notice Plan" means the plan to be approved by the Court for providing Class Notice to the Settlement Class in accordance with Fed. R. Civ. P. 23(e).  The Notice Plan shall be

in substantially the form of the proposed Notice Plan as set forth in Exhibit 4.

**2.27** "Opt-Out" means any Person who timely and properly submits a request for exclusion from the Settlement Class in accordance with the procedures set forth in this Agreement and approved by the Court and did not timely and properly revoke its request.

**2.28** "Opt-Out Deadline" is the last date on which a Person may properly and timely request to be excluded from the Settlement Class as set forth in the table in Section 5.6.1.

**2.29** "Opt-Out List" means a list compiled by the Settlement Notice and Claims Administrator of all properly and timely Opt-Outs to be provided to Class Counsel and Dial within thirty (30) days of the Opt-Out Deadline.

**2.30** "Person" means a natural person, corporation, limited liability company, other company, trust, joint venture, association, partnership, or other enterprise or entity, or the legal representative of any of the foregoing.

**2.31** "Preliminary Approval Order" means the order entered by the Court preliminarily approving the Settlement, provisionally certifying the Settlement Class, appointing Class Counsel, approving the Notice Plan, appointing the Settlement Notice and Claims Administrator, and setting a schedule for the Final Approval process.

**2.32** "Publication Notice" means the part of the Notice Plan that includes a summary form of electronic and/or print notice of the proposed Settlement to be published in certain hard copy or electronic formats directed at Settlement Class Members, subject to approval of the Court, and substantially in the form attached to this Agreement as Exhibit 2.

**2.33** "Released Claims" means any and all Claims released by this Agreement as set forth in Section 7.

**2.34** "Released Parties" means Dial, along with its parent(s), including but not limited

to Henkel Corporation, and each of its predecessors, affiliates, assigns, successors, related companies, subsidiary companies, holding companies, insurers, reinsurers, current and former attorneys, and their current and former members, partners, officers, directors, agents, and employees, in their capacity as such, any licensees, distributors, retailers, other resellers, and their insurers, and affiliates, in their capacity as such.

2.35    "Representative Plaintiffs" means collectively Michelle Carter, Jonathan Cessna, Sonia Herrera, Jenny Marazzi, Sven P. Vogtland, Kristina Pearson, and Elizabeth Poynter.

2.36    "Settlement Class Member" means a Person who falls within the definition of the Settlement Class pursuant to Section 1 and who has not properly executed and timely filed a request for exclusion from the Settlement Class.

2.37    "Settlement Claim" means a claim made by a Class Member under this Agreement.

2.38    "Settlement Fund" means the Gross Settlement Proceeds deposited into the Escrow Account, pursuant to Section 4.7.1.1 and 4.7.1.4.

2.39    "Settlement Notice and Claims Administrator" means Angeion Group.  In the event that the Settlement Notice and Claims Administrator can no longer serve for any reason, Class Counsel shall select a new Settlement Notice and Claims Administrator, approval of which Dial shall not unreasonably withhold.  In no event shall the Settlement Notice and Claims Administrator be a Person other than one selected by Class Counsel and approved by Dial.

2.40    "Settlement Website" means the website under the Uniform Resource Locator (URL) www.soapsettlement.com, which is established and maintained by Class Counsel through the Settlement Notice and Claims Administrator, as directed by the Preliminary Approval Order approved by the Court.

2.41    "United States" means the fifty (50) federated states, the District of Columbia, and

all U.S. Territories.

**3.** **SETTLEMENT RELIEF**

    **3.1** **Rule 23(b)(2) Component.**

        **3.1.1** Subject to the terms and conditions of this Settlement Agreement, the Parties agree that they will jointly move the Court to enter, as part of the Final Approval Order and Judgment, the following injunctive relief providing that:

3.1.1.1 Dial shall not reintroduce triclosan as an active ingredient in Dial Complete.

3.1.1.2 Dial shall not use an advertising or labeling claim that Dial Complete "Kills 99.99%* of Germs" as that product is currently formulated.

3.1.1.3 The terms and requirements of the Injunctive Relief shall expire on the earlier of the following dates: (a) five years following the Final Effective Date; or (b) the date upon which there are changes to any applicable statute, regulation, or other law that Defendant reasonably believes would require a modification to the labeling and marketing of Dial Complete in its current formulation required by the Injunctive Relief provisions in order to comply with the applicable statute, regulation, or law.

3.1.1.4 This Settlement Agreement does not preclude Dial from making further changes to the advertising and marketing of Dial Complete

as Dial sees fit, provided that those changes do not conflict with the provisions of this Agreement.

**3.2**     **Rule 23(b)(3) Component.**

**3.2.1**     <u>Recovery for Settlement Class Members.</u>

3.2.1.1 Payment of settlement compensation to Settlement Class Members shall be made from the Rule 23(b)(3) Component of the Settlement Fund after all costs of Settlement administration (including, but not limited to, costs related to Class Notice, the fees and expenses of the Settlement Notice and Claims Administrator, any fees incurred after the Date of this Agreement by the Mediator), as approved by the Court, and the Rule 23(b)(3) Fee and Expense Award (if any), and any service awards to the Representative Plaintiffs (if any), are deducted.

3.2.1.2 The Parties agree that all remaining funds in the Rule 23(b)(3) Component of the Settlement Fund shall be available to Settlement Class Members who timely submit valid approved Settlement Claims before the Claims Deadline, but in no case shall the amount of funds available to Settlement Class Members who timely submit valid approved Settlement Claims before the Claims Deadline be less than Two Million Three Hundred and Twenty Five Thousand U.S. Dollars ($2,325,000).

(a)     As set forth in Section 8.2.1.3 below, Class Counsel agree to seek no more than 35% ($1,925,000) of the Rule 23(b)(3)

13

Component of the Settlement Fund in attorneys' fees, exclusive of hard costs incurred by Class Counsel.

3.2.1.3 Settlement Class Members must submit a Claim Form, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the information provided is true and correct to the best of each Class Member's knowledge, information, and belief.

3.2.1.4 Settlement Class Members who timely submit a valid approved claim are entitled to receive settlement compensation of Twenty-Seven Cents ($0.27) per package of the Dial Complete Product purchased during the Claims Period.  Settlement Class Members are capped at thirty (30) packages per Class Member, _except_ that Settlement Class Members who provide actual purchase receipts for additional purchases to the satisfaction of the Settlement Notice and Claims Administrator may receive Twenty-Seven Cents ($0.27) per package as settlement compensation for all packages purchased.

3.2.1.5 All timely valid approved Settlement Claims shall be paid in full subject to the following _pro rata_ reduction:  if the total amount required to pay $0.27 per package of the Dial Complete Product purchased during the Claims Period exceeds the Rule 23(b)(3) Component of the Settlement Fund (after all deductions in Section 3.2.1.1 are deducted), then each Settlement Claim shall receive a reduced _pro rata_ share per package of the Rule 23(b)(3) Component

14

of the Settlement Fund (after all deductions in Section 3.2.1.1 are deducted).

**3.2.2**   Timing of Distributions to Settlement Class Members

3.2.2.1 No distributions to Settlement Class Members shall occur until after the Final Effective Date.

**3.3**   **Distribution of Remaining Funds.**

**3.3.1**   Any amount remaining from the Settlement Fund described in Section 4.7.1.4 after payment of settlement compensation to Settlement Class Members, the Rule 23(b)(2) Fee and Expense Award (if any), the Rule 23(b)(3) Fee and Expense Award (if any), and any incentive awards to the Representative Plaintiffs (if any), and all costs of Settlement administration (including, but not limited to, costs related to Class Notice, the fees and expenses of the Settlement Notice and Claims Administrator, any fees incurred after the Date of this Agreement by the Mediator), shall be paid in the form of a cash donation to either (1) the Children's Health Fund, a 501(c)(3) non-profit organization founded in 1987 to provide health care to the nation's most medically underserved children and adolescents by developing a national network of health care programs; reducing the impact of public health crises on children; and promoting the health and well-being of all children (*see* 2017 Form 990 at www.childrenshealthfund.org/finances); or (2) the Ronald McDonald House Charities, a 501(c)(3) non-profit organization whose mission is to create, find and support programs that directly improve the health and well-

15

being of children and their families (*see* https://www.rmhc.org/mission-and-vision).

4. <u>**ADDITIONAL SETTLEMENT TERMS AND ADMINISTRATION**</u>

**4.1   Commitment to Support Agreement**

    **4.1.1**   The Parties, including Class Counsel and the members of the Plaintiffs' Executive Subcommittee and Plaintiffs' Steering Committee, *see* Dkt. No. 20, agree that it is in the Settlement Class Members' and the Parties' best interests to consummate this Agreement and to cooperate with each other and to take all actions reasonably necessary to obtain Court approval of this Agreement and entry of the orders of the Court and other courts that are required to implement its provisions.   The Parties and their counsel also agree to support this Agreement in accordance with and subject to the provisions of this Agreement.

**4.2   Preliminary Approval of Settlement**

    **4.2.1**   The Parties shall file a Joint Motion for Preliminary Approval and conditional (*i.e.*, provisional) certification of the Settlement Class with the Court within fourteen (14) days after the Execution Date.

**4.3   Notice to Putative Settlement Class Members**

    **4.3.1**   After the Court has entered the Preliminary Approval Order, notice to Settlement Class Members shall be disseminated in such form and manner as the Court shall direct.   Instructions to access the Settlement Website and electronically submit the applicable Claim Form shall be included with the copy of the Class Notice disseminated to putative Settlement Class

Members and posted on the Settlement Website.  A hard copy of the applicable Claim Form shall be made available upon request by the Settlement Notice and Claims Administrator.

**4.3.2**   Class Counsel and the Settlement Notice and Claims Administrator shall be responsible for determining the best notice practicable, including the use of electronic notice and targeted advertising, but in no case shall the Notice include the logos of Dial or its products, disparage Dial, or otherwise suggest that the Settlement is an admission of liability or damages.

**4.3.3**   Notwithstanding paragraph 4.3.2, if the Settlement Notice and Claims Administrator so recommends, a single image of the Dial Complete product can be placed within the official long-form notice approved by the Court, but shall not be used in any other aspect of the Notice program.

**4.3.4**   Dial shall have the opportunity to review and comment upon the Notice and Notice Plan prior to submission to the Court.

**4.4**     **Cost of Notice**

**4.4.1**   Pursuant to Section 4.7.1.2, all costs in connection with implementing the Notice Plan shall be paid from the Settlement Fund; and, once paid, shall not be refundable in the event that the Settlement does not become Final, provided, that Dial shall be entitled to a refund of any unused amounts deposited for the fees and expenses of the Settlement Notice and Claims Administrator.

**4.5**     **Limited Certification of Settlement Class Only**

**4.5.1**   Dial provisionally agrees and consents to certification of the Settlement

17

Class for settlement purposes only, and within the context of this Agreement only.   The Parties' willingness to enter into this Agreement is not an admission as to the propriety or impropriety of any litigation class in this or any other litigation.   Except as to the particular Settlement Class defined in this Agreement for the limited purposes of this Agreement, no Party or other litigant shall use any Party's consent to this Agreement as the basis for arguing that any class in this matter may or may not be certified.

**4.6**     **Agreement Not Admissible**

**4.6.1**     Neither this Agreement nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Agreement is intended to be or may be construed as or deemed to be evidence of an admission or concession by Dial of any (i) liability or wrongdoing or of the truth of any allegations in the Complaint against Dial, or (ii) infirmity of, or strength of any alleged defense against, the allegations in the Complaint; and neither this Agreement nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Agreement shall be admissible in evidence for any such purpose in any proceeding.   The Parties' consent to this Settlement is contingent upon this Agreement becoming Final.   If this Agreement, for any reason, does not become Final or is otherwise terminated, the Parties reserve their respective rights to reassert all of their claims, allegations, objections, and defenses to certification of any class for litigation purposes, and the Parties further agree that none of them shall offer this Agreement, nor any

18

statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Agreement, as evidence in support of or opposition to a motion to certify any litigation class or for any other litigation purpose.

**4.7**     **Terms of Recovery/Consideration for Settlement Process**

**4.7.1**   Escrow Account and Settlement Fund

4.7.1.1 In full and final settlement of the Released Claims of Settlement Class Members, Dial agrees to deposit the Gross Settlement Proceeds into the Escrow Account.  Upon the Final Effective Date of this Agreement, Dial shall have no right of reversion in the Gross Settlement Proceeds.  In the event, however, that this Agreement, for any reason, does not become Final, that there is no Final Effective Date, or this Agreement is otherwise terminated, Dial shall be entitled to a refund of the portion of the Gross Settlement Proceeds that it has deposited into the Escrow Account, minus any amounts that have then been incurred for the fees and expenses of the Settlement Notice and Claims Administrator.

4.7.1.2 Within fifteen (15) days after the Court issues a Preliminary Approval Order, Dial shall deposit Three Hundred and Fifty Thousand U.S. Dollars ($350,000.00) of the Gross Settlement Proceeds into the Escrow Account, a portion of which shall be used to pay the fees and expenses of the Settlement Notice and Claims Administrator, as well as the Class Notice as approved by the Court.

19

4.7.1.3 Within thirty (30) days after this Agreement becomes Final, Dial shall deposit the remaining Seven Million and Fifty Thousand U.S. Dollars ($7,050,000.00) of the Gross Settlement Proceeds into the Escrow Account.

4.7.1.4 Dial's deposits of the Gross Settlement Proceeds into the Escrow Account shall constitute the Settlement Fund, and the Settlement Fund shall be used for purposes of meeting the obligations under this Agreement.

4.7.1.5 Dial's payment of the Gross Settlement Proceeds shall relieve Dial of any liability with respect to the authentication of Settlement Claims, the allocation of the Gross Settlement Proceeds among the Settlement Class Members and the timing and method of Settlement Fund distributions.

4.7.1.6 No portion of the Gross Settlement Proceeds shall be distributed from the Escrow Account prior to the Final Effective Date with the exception of the fees and expenses of the Settlement Notice and Claims Administrator.

**4.8    Settlement Statistics**

**4.8.1**    Throughout the Settlement Process, the Settlement Notice and Claims Administrator, shall compile and make available to Class Counsel and Dial, upon their request, reports containing summary statistics detailing the implementation of the Settlement Process.  Such reports shall include information regarding the status of the Settlement Process including,

20

without limitation, the Settlement Notice and Claims Administrator's fees and expenses, the number of proper and timely Opt-Outs, the number of Claim Forms received, the number of Claim Forms fully processed, the number of Claim Forms rejected and the reason for same, and the number of Claim Forms determined by the Settlement Notice and Claims Administrator to be deficient.

4.8.2    The Settlement Notice and Claims Administrator shall provide a list of timely and complete opt-out requests to the Parties thirty (30) days after the Opt-Out Deadline (the "Opt-Out List").

4.9    **Stay and Resumption of Proceedings**

4.9.1    Contemporaneous with the filing of the Joint Motion for Preliminary Approval as set forth in Section 4.2.1, Counsel for the Parties shall (1) request for a stay of all proceedings in the *In Re: Dial Complete Marketing and Sales Litigation* (MDL No. 2263) and shall (2) seek an order from the Court pursuant to the All Writs Act, 28 U.S.C. § 1651, and the Anti-Injunction Act, 28 U.S.C. § 2283, prohibiting the prosecution of any pending or subsequently filed litigation by Settlement Class Members. Proceedings in the Court arising out of and relating to this Agreement, and any other proceeding necessary to effectuate this Agreement in any other action shall be excepted from the stay.  In the event the Court does not give Final Approval to this Agreement, the Final Effective Date does not occur, or this Agreement is otherwise terminated, the Parties agree that all stayed proceedings shall resume in a reasonable manner.

21

**4.10    Public Statements and Websites**

    **4.10.1**  The Parties have the right, but not the obligation, to issue press releases or other statements regarding the Settlement, but the Parties agree not to make any public comment about the Settlement until such time that the Parties file their Joint Motion for Preliminary Approval of the Settlement.  No press release or other public statement shall contain any false or misleading statements in any form regarding the Settlement. Plaintiffs' Executive Committee agrees to seek prior approval from Dial regarding any press releases, notices, or public statements about the litigation and Settlement. Approval of such press releases, notices, or any other public statements shall not be unreasonably withheld.  No press release or other statements can disparage the other side, suggest that Dial has been found to have violated any laws, or suggest that the Settlement constitutes an admission of liability, damages, or any other aspect of this litigation. For the avoidance of doubt, any reference to Dial Complete as being unsafe or not generally recognized as safe and effective would constitute disparagement.

**4.11    CAFA Notices**

    **4.11.1**  Within ten (10) days after submission of this Agreement to the Court, the Parties agree that the Settlement Notice and Claims Administrator shall serve notices of the Settlement on state and federal regulatory authorities as required by Section 3 of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA Notices").  In the event that a state or federal official raises

concerns about the Settlement, the Parties and their counsel agree to work together in good faith to resolve those concerns.

**4.12    Joint Motion for Final Approval of the Settlement**

    **4.12.1**  The Parties shall file a joint motion with the Court seeking an order granting final approval of this Agreement pursuant to Fed. R. Civ. P. 23 and Local Rule 23.1 (the "Joint Motion for Final Approval"), together with a declaration from the Settlement Notice and Claims Administrator (with respect to the provision of the Class Notice and regarding the Settlement Process), by the Joint Motion for Final Approval Deadline as set forth in Section 5.6.1.  Class Counsel shall file the Fee and Expense Application at least two (2) weeks before the deadline to object to the Settlement or as otherwise ordered by the Court.

**5.    <u>SETTLEMENT ADMINISTRATION</u>**

**5.1    Settlement Notice and Claims Administrator**

    **5.1.1**  The Settlement Notice and Claims Administrator may retain claim officers, experts, and/or advisors as are reasonably necessary to carry out the duties of the Settlement Notice and Claims Administrator.  The administration of the Settlement Fund and the Settlement Process shall be subject to the Court's supervision and remain at all times under the exclusive and continuing jurisdiction of the Court.  The Settlement Notice and Claims Administrator shall issue reports as requested by Class Counsel and Dial regarding its activities, fees and expenses, and other procedures.  Class Counsel or Dial may raise by written objection filed with the Court any

23

challenge to the procedures instituted by, or the fees and expenses of, the Settlement Notice and Claims Administrator with respect to the administration of the Settlement Fund.  The Settlement Notice and Claims Administrator shall be responsible for disseminating information to Settlement Class Members concerning settlement procedures, among other ways, by establishing a website.   Class Counsel and Dial, and their respective agents and consultants may also disseminate information about the Settlement and the Settlement Process that is fully consistent with the Court's approved Notice Plan and Section 4.10.1 above and not in any way false or misleading.

**5.2**     **Notice**

**5.2.1**     The Notice Plan shall satisfy Rule 23 of the Federal Rules of Civil Procedure and be subject to the Court's approval.

5.2.1.1 As described in Section 4.7.1.2, Dial shall advance into the Escrow Account no more than $350,000 to pay the initial costs to implement the Notice Plan.  Dial shall make contact information for potential class members to the extent readily available in its files, available to Class Counsel and the Settlement Notice and Claims Administrator and shall not object to their efforts to obtain class member information from third parties (including, upon request, signing consent forms indicating that Dial does not object to the provision of contact information for potential class members to Class Counsel and the Settlement Notice and Claims Administrator for the sole

24

purpose of effectuating the Notice Plan). Thereafter, Class Counsel in consultation with Dial and with the aid of the Settlement Notice and Claims Administrator, in accordance with Fed. R. Civ. P. 23(e), the Due Process clause of the United States Constitution, and the Preliminary Approval Order, shall provide all Settlement Class Members that can be identified by reasonable means with the best notice practicable under the circumstances.

5.2.1.2 As directed by the Preliminary Approval Order, Class Counsel, through the Settlement Notice and Claims Administrator, shall establish and maintain the Settlement Website pursuant to Section 4.3.1, on which at least the relevant pleadings, settlement documents, any applicable deadlines, and the Long-Form Notice shall be posted in order to provide information to the Settlement Class of the proposed Settlement. The Settlement Notice and Claims Administrator shall notify Dial's counsel of the date the Long-Form Notice shall be issued to the Settlement Class at least five (5) days prior to the date of issuance.

5.2.1.3 Class Counsel, through the Settlement Notice and Claims Administrator, also shall cause the Publication Notice to be published to the Settlement Class Members as contained in the Notice Plan and as directed by the Preliminary Approval Order.

**5.2.2** All notice contemplated under this Agreement and the Notice Plan shall be issued and completed by the time set forth in Section 5.6.1, unless otherwise

ordered by the Court.

**5.3    Opting Out of the Settlement Class**

5.3.1    Each Class Member may, at its option, elect to opt out of the Settlement. Any Class Member who wishes to opt out of the Settlement must do so, in writing, by mailing a request for exclusion to the Settlement Notice and Claims Administrator signed by the Class Member (the "Opt-Out Request"). Any such request must be sent to the Settlement Notice and Claims Administrator and postmarked by the Opt-Out Deadline.

5.3.2    The request to opt out must:

- bear the Handwritten Signature of the Class Member seeking to opt out;

- set out the Class Member's full legal name, valid mailing address, and functioning telephone number;

- state that the Class Member has reviewed and understood the Class Notice and chooses to be excluded from the Settlement Class and understands that, by opting out, the Class Member shall not share in any recovery obtained by judgment on behalf of the Settlement Class; and

- provide the name of and contact information for the Class Member's attorney, if represented.

5.3.3    No person or entity may opt-out on behalf of another Class Member.

5.3.4    All requests to opt out that fail to satisfy the requirements of this Section, as well as any additional requirements that the Court may impose, shall be void. No class-wide, mass opt-outs, or opt-outs signed by attorneys are permitted under this Agreement.

5.3.5    Any Class Member who does not properly and timely submit a request to opt out as required in this Agreement shall be deemed to have waived all

rights to opt out and shall be deemed a member of the Settlement Class for all purposes under this Agreement.

**5.4     Objecting to the Settlement**

**5.4.1**     Any Class Member who does not timely and properly opt out of the Settlement may object to the fairness, reasonableness, or adequacy of the proposed Settlement under Federal Rule of Civil Procedure 23.  Each Class Member who wishes to object to any term of this Agreement must do so, in writing, by filing a written objection with the Clerk of the Court and mailing it to Settlement Class Counsel, counsel for Dial, and the Settlement Notice and Claims Administrator at the addresses set forth below:

| *Settlement Class Counsel:* | *Counsel for Dial:* |
|---|---|
| Lucy J. Karl | Patrick Haney |
| Shaheen & Gordon, P.A. | Kirkland & Ellis LLP |
| P.O. Box 2703 | 655 Fifteenth Street NW |
| 107 Storrs Street | Washington DC  20005 |
| Concord, NH  03301 | |

*Settlement Notice and Claims Administrator:*

ANGEION GROUP
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

**5.4.2**     Any such objection must be postmarked by the deadline for filing objections and under the procedures established by the Court.  Any such objection must (a) attach copies in advance of any materials that the objector intends to submit to the Court or present at the Fairness Hearing; (b) be personally signed by the Class Member and, if represented, by his or her counsel; (c)

include information or documents sufficient to show that the objector is a Class Member; and (d) clearly state in detail (i) the legal and factual ground(s) for the objection, (ii) the Class Member's name, mailing address, email address, and telephone number, (iii) if represented by counsel, such counsel's name, email address, mailing address, and telephone number, (iv) any request to present argument to the Court at the Fairness Hearing; (v) previous objections that the Class Member has filed in class action settlements in the past five years and the results of those objections (including any settlements that were reached concerning his or her objection); and (vi) previous objections that the objecting Class Member's class counsel has filed either in a representative capacity or on their own behalf in the past five years (including any settlements that were reached concerning those objections).

5.4.3   Any objection that fails to satisfy the requirements of this Section, or that is not properly and timely submitted, shall be deemed void and waived unless otherwise ordered by the Court.   The Court shall make the final determination if any objection complies with the requirements of this Section.   Any Party may respond to any objection by the date as ordered by the Court.

## 5.5    Requests to Appear at Final Approval Hearing

5.5.1   Any Class Member who wishes to appear and be heard in person or by counsel at the Fairness Hearing must make such request by notifying the Court and the Parties' respective counsel at the addresses set forth in Section

5.4.1 of this Agreement, subject to the discretion of the Court.  Any such request must be filed with the Clerk of the Court and postmarked no later than thirty (30) days prior to the Fairness Hearing, or as otherwise ordered by the Court, and must state the name, address, and telephone number of the Class Member, as well as the name, address, and telephone number of the person that shall appear on his or her behalf.  Any request for appearance that fails to satisfy the requirements of this Section, or that has otherwise not been properly or timely submitted, shall be deemed ineffective and a waiver of such Class Member's rights to appear and to comment on the Settlement at the Fairness Hearing.  Only the Parties, Settlement Class Members, or their counsel may request to appear and be heard at the Fairness Hearing.  Persons or entities that opt out may not request to appear and be heard at the Fairness Hearing.

**5.6**  **Deadlines**

**5.6.1**  Unless otherwise ordered by the Court, the following deadlines shall apply. In the case of a discrepancy between the table below and the text of this Agreement, the dates in the following table control:

| ACTION | TIMING |
|---|---|
| Filing of Joint Motion of Preliminary Approval | Within 10 days after the Settlement Agreement is Executed |
| CAFA Notice Deadline | 10 days after the Joint Motion for Preliminary Approval Is Filed |

29

| ACTION | TIMING |
|---|---|
| First Publication of Class Notice (Online or print) | No later than 10 days after issuance of the Preliminary Approval Order |
| First Installment of Gross Settlement Proceeds Paid into Escrow | 15 days after issuance of the Preliminary Approval Order |
| Opt-Out Deadline | 60 days after First Publication of Class Notice |
| Opt-Out List | 10 days after the Opt-Out Deadline |
| Claims Deadline | 90 days after First Publication of Class Notice |
| Dial's Walk Away Deadline | 30 days after receipt of the Opt-Out List or Fee and Expense Award Order, whichever is later, unless otherwise extended |
| Joint Motion for Final Approval Deadline | 30 days after Claims Deadline |
| Fee and Expense Applications Deadline | 2 weeks before Objection Filing Deadline |
| Objection Filing Deadline | As determined by the Court |
| Objection Response Deadline | 2 weeks after Objection Filing Deadline |
| Final Installment of Gross Settlement Proceeds Paid into Escrow Account | 30 days after Settlement becomes Final |

**6.**     **EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION**

     **6.1**     **Limitation on Released Party Liability**

        **6.1.1**     No Released Party shall be subject to liability or expense of any kind to any

Class Member or their respective counsel related to the Released Claims

30

except as provided in this Agreement.

**6.2    Dismissal of Claims**

6.2.1    The Parties agree that upon the Final Effective Date of this Agreement, all Released Claims shall be dismissed with prejudice in accordance with the Final Approval Order entered by the Court, including by seeking dismissal with prejudice of the MDL Complaint and all of the underlying actions by filing the requisite papers in the MDL.

**7.    RELEASES AND RESERVATIONS AND COVENANTS NOT TO SUE**

**7.1    Released Claims and Covenants Not to Sue**

7.1.1    In consideration of the benefits described and the provisions contained in this Agreement, all Settlement Class Members (regardless of whether a Settlement Class Member submits a Claim Form) promise, covenant, and agree that, upon the Final Effective Date and by operation of the Final Approval Order, the Settlement Class Members shall release and forever discharge the Released Parties from any liability for all claims of any nature whatsoever in law or in equity, past and present, and whether known or unknown, suspected or claimed, relating to or arising under any federal, state, local, or international statute, regulation, or law (including state consumer fraud, warranty, unjust enrichment laws, codal law, adjudication, quasi-adjudication, tort claims, contract claims, actions, causes of action, declaratory judgment actions, cross-claims, counterclaims, third-party claims, demands, and claims for damages, compensatory damages, liquidated damages, punitive damages, exemplary damages, multiple

31

damages, and other noncompensatory damages or penalties of any kind, fines, equitable relief, injunctive relief, conditional or other payments or interest of any type, debts, liens, costs, expenses and/or attorneys' fees, interest, or liabilities) that have been or could have been brought in connection with Dial's distribution, sale, purchase, labeling, packaging, marketing, advertising, and/or use of the Dial Complete Product, subject only to the express exceptions listed in the Reservation of Claims and Rights in Section 7.2 below.  Specifically excluded from this release is any claim for bodily injury allegedly suffered in connection with the Dial Complete Product. Dial agrees to provide reciprocal and mutual releases to the Representative Plaintiffs and Settlement Class Members from any liability for all Claims regarding the Dial Complete Product at issue.

7.1.2   All Settlement Class Members covenant and agree that they shall not hereafter seek to sue or otherwise establish liability against any Released Parties based, in whole or in part, on any of the Released Claims.  Each Class Member expressly waives and fully, finally, and forever settles and releases any known or unknown, suspected or unsuspected, contingent or non-contingent Released Claims without regard to the subsequent discovery or existence of different or additional facts.  The Parties shall cooperate and assist one another in defending against and obtaining the dismissal of any claims brought by Persons seeking to assert claims released under this Agreement.  Similarly, Dial covenants and agrees that it shall not hereafter seek to sue or otherwise establish liability against any Representative

Plaintiff or Settlement Class Member regarding this litigation, or any Claims that Dial could have brought as part of this litigation or in litigation concerning distribution, sale, purchase, labeling, packaging, marketing, advertising, and/or use of the Dial Complete Product.

**7.1.3**   IN ADDITION, EACH CLASS RELEASOR HEREBY EXPRESSLY WAIVES AND RELEASES, UPON THE FINAL EFFECTIVE DATE, ANY AND ALL PROVISIONS, RIGHTS, AND BENEFITS CONFERRED BY § 1542 OF THE CALIFORNIA CIVIL CODE OR ANY OTHER STATUTE, LAW OR PRINCIPLE OF COMMON LAW, WHICH IS SIMILAR, COMPARABLE, OR EQUIVALENT TO § 1542 OF THE CALIFORNIA CIVIL CODE, WHICH READS:

> SECTION 1542. <u>GENERAL RELEASE; EXTENT.</u> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

**7.1.4**   Each Class Member may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of this Section 7, but each Class Member hereby expressly waives and fully, finally, and forever settles and releases, upon the Final Effective Date, any known or unknown, suspected

or unsuspected, contingent or non-contingent Released Claims with respect to the subject matter of this Section 7 whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.   Each Class Member also hereby expressly waives and fully, finally, and forever settles and releases any and all Released Claims it may have against the Released Parties under § 17200, *et seq.*, of the California Business and Professions Code.  Similarly, to the extent that Dial hereafter discovers facts other than or different from those which it knows or believes to be true with respect to the Claims that it could have brought in this litigation, it mutually waives and fully, finally, and forever settles and releases any Claims that it could have brought in connection with this litigation.

**7.1.5**   From and after the Final Effective Date, for the consideration provided for in this Agreement and by operation of the Final Approval Order, the Settlement Class Members covenant, promise, and agree that they shall not, at any time, institute, cause to be instituted, assist in instituting, or permit to be instituted on his, her, or its behalf, or on behalf of any other individual or entity, any proceeding (1) alleging or asserting any of his or her respective Released Claims against the Released Parties in any federal court, any state court, or arbitration, regulatory agency, or any other tribunal or forum, or (2) challenging the validity of the release of claims by Class Releasors as set forth in this Section 7.  Dial mutually covenants, promises, and agrees that it shall not, at any time, institute, cause to be instituted, assist

in instituting, or permit to be instituted on its behalf, or on behalf of any other individual or entity, any proceeding regarding Claims that it could have brought in connection with this litigation.

**7.1.6** This Release is not intended to prevent Dial from exercising any rights of contribution, subrogation, or indemnity under any law; however, the Parties agree that the releases in this Settlement Agreement are mutual in nature.

**7.2** **Reservation of Claims and Rights**

**7.2.1** Released Claims shall not include any claim against the Released Parties for bodily injury allegedly suffered in connection with the Dial Complete Product.

**7.2.2** The Parties agree that this Agreement, whether or not the Final Effective Date occurs, and any and all negotiations, documents, and discussions associated with it, shall be without prejudice to the rights of any Party (other than those compromised in this Agreement); shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, any liability or wrongdoing by any of the Released Parties, or of the truth of any of the claims or allegations contained in any complaint or pleading, whether in the MDL Action, any other actions, or otherwise.  The Parties expressly reserve all of their rights if this Agreement fails to become Final and effective substantially in accordance with its terms.

**7.2.3** If the Court does not certify the Settlement Class or this Agreement is not approved by the Court substantially in accordance with its terms, and does not become subject to a Final Approval Order following such approval, or

the Final Approval Order does not become Final, then no class shall be deemed certified by or as a result of this Agreement, and the MDL Action, for all purposes, shall revert to its status as of the date before the execution of this Agreement, and the Parties agree that all stayed proceedings shall resume in a reasonable manner.  In such event, Dial shall not be deemed to have consented to certification of the Settlement Class, and shall retain all rights to oppose class certification in litigation, including, without limitation, to certification of the identical class provided for in this Agreement.  Dial shall also be entitled to a refund of the portion of the Gross Settlement Proceeds that it has deposited into the Escrow Account, minus any amounts that have then been incurred for the fees and expenses of the Settlement Notice and Claims Administrator.

8.    **ADMINISTRATIVE EXPENSES AND ATTORNEYS' FEES**

8.1    **Administrative Expenses**

8.1.1    Other than Dial's own fees, costs and expenses, the Released Parties shall not be liable for any litigation fees, costs or expenses of the MDL Action except as expressly set forth in this Agreement and as approved by the Court.

8.1.2    Dial and the Released Parties shall have no liability with respect to any disputes among plaintiffs' counsel relating to the award, allocation, or entitlement to any fees, costs, or expenses, including without limitation, any Common Benefit Fund, or other agreements relating to pursuit of the MDL Actions or any other litigation.  The Court shall retain jurisdiction over any

36

disputes among plaintiffs' counsel relating to the award, allocation, or entitlement to any fees, costs, or expenses, but any such disputes shall not affect this Settlement becoming Final.

**8.2     Attorneys' Fees, Expenses, and Plaintiff Incentive Awards**

**8.2.1**   As part of the Settlement, Class Counsel shall apply to the Court for a Fee and Expense Award, broken into two components, the Rule 23(b)(2) Component and the Rule 23(b)(3) Component.

8.2.1.1 Class Counsel expressly agree that they shall not seek in excess of $1,900,000.00 in attorneys' fees to be drawn from the Rule 23(b)(2) Component of the Settlement Fund, for their work in securing the injunctive relief obtained by this Agreement.

8.2.1.2 Dial agrees not to take any position regarding the application by Class Counsel for attorneys' fees in an amount up to $1,900,000.00 to be drawn from the Rule 23(b)(2) Component of the Settlement Fund.

8.2.1.3 Class Counsel expressly agree that they shall not seek in excess of 35%, or $1,925,000.00, in attorneys' fees to be drawn from the Rule 23(b)(3) Component of the Settlement Fund, for their work in securing the monetary relief obtained by this Agreement.

8.2.1.4 Dial agrees not to take any position regarding the application by Class Counsel for attorneys' fees not in excess of $35%, or $1,925,000, to be drawn from the Rule 23(b)(3) Component of the Settlement Fund.

8.2.1.5 Class Counsel shall apply to the Court for reimbursement of its litigation expenses and hard costs, which shall be reimbursed from the Rule 23(b)(3) Component of the Settlement Fund and which Dial shall not oppose or object to.  Class Counsel estimate such litigation expenses and hard costs to total $650,000, but are entitled to seek reimbursement for all actually incurred litigation expenses and hard costs.

8.2.1.6 Dial agrees not to take any position with regard to service awards at or below $5,000 for each of the Representative Plaintiffs, to be drawn from the Rule 23(b)(3) Component of the Settlement Fund.

**8.3     Role of Litigation In Product Reformulation and Labeling Changes, and Value Thereof to the Settlement Class**

8.3.1   Class Counsel and Dial agree that in the midst of this litigation, the U.S. Food and Drug Administration, on December 16, 2013, issued a Proposed Rule concerning consumer antiseptic hand and body washes. Faced with these considerations, and the uncertainty of ongoing litigation, Dial reformulated its Dial Complete product, replacing triclosan as the active ingredient therein (as with a number of other manufacturers), and also revised a number of claims on the packaging and associated advertising on the now-reformulated Dial Complete product, including revising the "Kills 99.99% of Germs" claim to state that Dial Complete "Kills 99.99% of Bacteria.*"

38

**8.3.2**   As part of the Settlement, Dial agrees to injunctive relief under which it will not market the current formulation of Dial Complete using a "Kills 99.99% of Germs" claim. Plaintiffs point to these changes, and the considerable costs associated with the product reformulation and revisions to advertising claims, as a result achieved in the wake of this litigation, while acknowledging that this settlement does not constitute an admission of liability, damages, or any other issue in the lawsuit.

**9.**   **WALK AWAY RIGHTS AND TERMINATION OF THIS AGREEMENT**

**9.1**   **Termination**

**9.1.1**   This Agreement shall be terminated, without notice, if the Court declines to enter the Preliminary Approval Order, declines to grant Final Approval, or if such approval or other necessary orders do not become Final (as a result of reversal on appeal or otherwise).

**9.2**   **Walk Away Right**

**9.2.1**   Dial shall have the absolute and unconditional right, solely at its option, to terminate this Agreement (such option being referred to in this Agreement as the "Walk Away Right") in the event any of the triggers or thresholds contained in a separate agreement (to be filed under seal with the Court and to be confidential and attorney's eyes only and access limited to Class Counsel and Dial) are exceeded.

**9.2.2**   If any of these triggers or thresholds are exceeded, then, during the period beginning upon Dial's receipt of the Opt-Out List and ending at midnight Central Time on the thirtieth (30th) day thereafter (such period being

39

referred to as the "Walk Away Period" and the last day of such period being referred to in this Agreement as the "Walk Away Deadline"), Dial has the option to exercise its Walk Away Right.

**9.3      Time to Exercise Walk Away Right**

**9.3.1**    Dial may exercise its Walk Away Right during the Walk Away Period upon written notice to such effect delivered to the Court and Class Counsel.

**9.3.2**    If Dial has a Walk Away Right, alternatively, Dial may, in its sole and absolute discretion, do any of the following at any time during the Walk Away Period upon written notice to such effect delivered to the Court and Class Counsel:

9.3.2.1  extend the date for the exercise of its Walk Away Right by a period of thirty (30) days; or

9.3.2.2  irrevocably waive its Walk Away Right.

**9.4      Effects of Termination**

**9.4.1**    In the event of notice of termination by Dial, this Agreement shall be of no further force or effect; the Parties shall jointly request the Court to vacate any order certifying the Settlement Class; and the Parties agree that all stayed proceedings shall resume in a reasonable manner.

**9.4.2**    Any term of this Agreement to the contrary notwithstanding, upon Dial exercising its Walk Away Right, this Agreement immediately shall terminate and (without limitation of the foregoing) Dial immediately shall cease to have any further financial obligations under this Agreement; provided however, that Section 4.6 shall survive such termination.

10. **MISCELLANEOUS PROVISIONS**

**10.1    Recitals**

10.1.1  The recitals set forth prior to Section 1 of this Agreement are hereby expressly incorporated into this Agreement and made a part hereof.

**10.2    Best Efforts**

10.2.1  The Parties agree to use their best efforts, including all steps required by this Agreement and other efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of this Agreement.

**10.3    No Inducement**

10.3.1  The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement and the Parties' separate side agreement referenced in Section 9.2.1.

**10.4    Severability**

10.4.1  The invalidity or unenforceability of any provision of this Agreement shall in no way affect the validity or enforceability of any other provision.  If, in any action before any court or other tribunal of competent jurisdiction, any term, restriction, covenant, or promise is held to be unenforceable for any reason, then such term, restriction, covenant, or promise shall be deemed modified to the extent necessary to make it enforceable by such court or other tribunal and, if it cannot be so modified, then this Agreement shall be

41

deemed amended to delete from this Agreement such provision or portion adjudicated to be invalid or unenforceable, and this Agreement shall be deemed to be in full force and effect as so modified.

**10.4.2**  Notwithstanding Section 10.4.1, however, the Parties agree that the Rule 23(b)(2) and Rule 23(b)(3) Components of this settlement, and the accompanying releases and covenants not to sue, are integral and indivisible provisions without which the parties would not have entered into this Agreement.

**10.5   No Penalty or Fine**

**10.5.1**  The Parties agree and acknowledge that no consideration, amount, or sum paid, credited, offered, or extended, or to be paid, credited, offered, or extended, by Dial in the performance of this Agreement constitutes a penalty, fine, or any other form of assessment for any alleged claim or offense.

**10.6   Receipt of Advice of Counsel**

**10.6.1**  Representative Plaintiffs acknowledge, agree, and specifically warrant and represent that they have discussed with Class Counsel (or their designees) the portions of this Agreement relevant to them, including the release of Released Claims contained in Section 7, and received legal advice with respect to the advisability of entering into this Agreement, and the legal effect of this Agreement.

**10.7   Timing**

**10.7.1**  Class Counsel and Dial may agree in writing to reasonable extensions of

time to carry out the provisions of this Agreement.

**10.8    No Tax Advice**

10.8.1 No opinion regarding the tax consequences of this Agreement to any individual Class Member is being given or shall be given by Dial or its counsel, nor is any representation or warranty in this regard made by virtue of this Agreement.  Settlement Class Members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments provided hereunder and any tax reporting obligations they may have with respect to this Agreement.  Each Class Member's tax obligations, and the determination thereof, are his, her, or its sole responsibility, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.  Released Parties shall have no liability or responsibility whatsoever for any such tax consequences resulting from payments under this Agreement.  To the extent required by law, the Released Parties shall report payments made under this Agreement to the appropriate authorities.

**10.9    Notice of Breach**

10.9.1 The waiver by any of the Parties of any provision of or breach of this Agreement, in whole or in part, by another Party shall not be deemed or construed as a waiver of any other provision of or breach of this Agreement, whether prior, subsequent, or contemporaneous, to this Agreement.  In the event that one Party to this Agreement is notified in writing by the other Party of any alleged breach of this Agreement, the allegedly-breaching

43

Party shall have fourteen (14) days from the date of receipt of such notice to cure any such alleged breach and to notify the other Party, in writing, of the cure implemented to address the alleged breach.  If the Party asserting the breach is not satisfied with the cure, that Party shall have the right to petition the Court for relief within thirty days after receipt of notice of the cure.

**10.10   Enforcement**

10.10.1 Only if this Settlement is finally approved by the Court and becomes Final, this Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted or attempted against the Released Parties in such capacity with respect to any of the Released Claims, and may be filed, offered, received into evidence, and otherwise used for such defense.  This Agreement may also be used in connection with the Parties' application for approval or enforcement of this Agreement and all proceedings incident to this Agreement, including requests for attorneys' fees, costs, disbursements and compensation to the Settlement Classes, and any disputes arising from this Agreement.

**10.11   Authorization to Enter Agreement**

10.11.1 The undersigned representatives of Dial represent that they are fully authorized to enter into and execute this Agreement on behalf of Dial.  Class Counsel represents that she is fully authorized to conduct settlement negotiations with counsel for Dial on behalf of Plaintiffs' Executive Subcommittee, Plaintiffs' Steering Committee, the Representative

44

Plaintiffs and Settlement Class Members and to enter into and execute this Agreement on their behalf, subject to approval by the Court pursuant to Fed. R. Civ. P. 23.

**10.12   No Party Is the Drafter**

**10.12.1** None of the Parties to this Agreement shall be considered the drafter of this Agreement or any provision thereof for the purpose of any statute, case law or rule of construction that would or might cause any provision to be construed against the drafter.

**10.13   Choice of Law**

**10.13.1** This Agreement shall be governed by and interpreted in accordance with the substantive laws of the State of New Hampshire without regard to its choice of law or conflict of laws principles.   The Court shall maintain continuing jurisdiction over this matter in any proceeding to interpret, enforce, modify, or set aside the terms of this Agreement.

**10.14   Computing Dates**

**10.14.1** For all deadlines under this Agreement, to compute deadlines (a) exclude the day of the event that triggers the period; (b) count every calendar day, including intermediate Saturdays, Sundays, and legal holidays; and (c) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

**10.15   Time for Compliance**

**10.15.1** If the date for performance of any act required by or under this Agreement

45

is due to be performed on or by a Saturday, Sunday, or legal holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

**10.16  Jurisdiction and Dispute Resolution**

**10.16.1**Pursuant to the Final Approval Order, the Court shall retain continuing and exclusive jurisdiction over the Parties and their counsel, the Settlement Notice and Claims Administrator, the Settlement Fund (including any trustee or other administrator or agent of the Settlement Fund, as applicable), and all Settlement Class Members with respect to the terms of this Agreement, the proper provision of all benefits thereunder, and the implementation and enforcement of its terms, conditions, and obligations. The terms of this Agreement shall be incorporated into the Final Approval Order of the Court, which shall allow that Final Approval Order to serve as an enforceable injunction by the Court for purposes of the Court's continuing jurisdiction related to this Agreement.

**10.16.2**The Court also shall retain exclusive and continuing jurisdiction over the Fee and Expense Award.

**10.17  Administrative Procedures**

**10.17.1**The Settlement Notice and Claims Administrator may create administrative procedures, supplementary to (and not inconsistent with) those specified herein that provide further specific details about how the Settlement is to be administered, and/or other aspects of the Settlement, including, but not

limited to, procedures regarding submission of documents or procedures regarding execution and signature of documents; provided, however, that such procedures comply, or otherwise are not in conflict, with the terms of this Agreement, and are agreed to by the Parties and approved by the Court.

**10.18    Amendment or Waiver**

    **10.18.1**This Agreement shall not be modified in any respect except by a writing executed by all Parties to this Agreement.   The waiver of any rights conferred by this Agreement shall be effective only if made in writing by the waiving Party.   The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior to, subsequent to, or contemporaneous with this Agreement.

**10.19    Execution in Counterparts**

    **10.19.1**This Agreement may be executed in counterparts.   Facsimile or PDF signatures shall be valid signatures as of the date thereof.

**10.20    Integrated Agreement**

    **10.20.1**This Agreement, including its exhibits and the Parties' side agreement referenced in Section 9.2.1 above that is to be filed with the Court under seal, contains an entire, complete, and integrated statement of the terms agreed to by and between the Parties, and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this Agreement.

    IN WITNESS WHEREOF, the Parties to this Agreement, by and through their fully authorized representatives, have executed this Agreement as of _____**December 27**_____, 2018.

47

\*\*\*\*

FOR PLAINTIFFS:

*Plaintiffs' Interim Lead and Class Counsel*

_____
Lucy J. Karl

**SHAHEEN & GORDON, P.A.**

*Plaintiffs' Executive Subcommittee*

_____
Richard J. Arsenault

**NEBLETT, BEARD & ARSENAULT**

_____
Adam J. Levitt

**DICELLO LEVITT & CASEY LLC**

_____
John R. Climaco

**CLIMACO, WILCOX, PECA & GAROFOLI CO., L.P.A.**

_____
Charles E. Schaffer

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

_____
Eric D. Holland

**HOLLAND LAW FIRM**

FOR DEFENDANT THE DIAL CORPORATION:

_____ 12/27/18

Robert C. McNamee
VP, Associate General Counsel

**HENKEL CORPORATION**

_____ 12/27/18

Heather Wallace
GM, Beauty Care North America

**HENKEL CORPORATION**

Approved as to Form
*RCM*
Henkel NA Law Dept.
ROBERT C. McNAMEE

50